UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **PAUL BERNARD GORMAN, JR.,** | § | **CIVIL ACTION NO.: 3:17-cv-00792-D** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **JUDGE: SIDNEY A. FITZWATER** |
| | § | |
| **ESA MANAGEMENT, LLC,** | § | |
| | § | |
| **Defendant.** | § | **MAGISTRATE: RENEE H. TOLIVER** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DETERMINE THE APPLICABILITY OF TEX. CIV. PRAC. & REM. CODE § 18.001 ET SEQ.**

To the Honorable Judge of Said Court:

Plaintiff files this Memorandum in Support of his Motion to Determine the Applicability of Tex. Civ. Prac. & Rem. Code § 18.001 *et seq.* and would show unto the Court as follows:

**I.
BACKGROUND**

1. This is a premises liability claim arising under the substantive law of the State of Texas. This lawsuit was removed from State Court by Defendant based on diversity. Should this case have proceeded in State Court, Plaintiff would have had the opportunity to avail himself of the benefits of Tex. Civ. Prac. & Rem. Code § 18.001 to demonstrate *prima facie* evidence of the reasonableness and necessity of the past medical expenses proved without the introduction of expert testimony. Plaintiff argues the cost saving and time saving opportunity offered by § 18.001 is substantive and not procedural.

**II.
ARGUMENT & AUTHORITY**

2. Preliminarily, the applicability of Tex. Civ. Prac. & Rem. Code § 18.001 *et seq.* is governed by the Federal Rules of Decision Act, 28 U.S.C. §1652 and the doctrine set forth in

*Erie Railroad v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). The Federal Rules of Decision Act provides:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provided, shall be regarded as rules of decision in civil cases in the courts of the United States, in cases where they apply. 28 U.S.C. § 1652.

3.  Under the *Erie* doctrine, in the absence of a federal law indicating federal substantive law applies, the federal courts will apply federal procedural rules, but state substantive law. 28 USC 2674; *Erie Railroad v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). The twin aims of the *Erie* doctrine are to prevent forum shopping and the avoidance of inequitable administration of the law. With respect to the second aim, a case should not have a different outcome merely because it was filed in, or removed to federal court.

4.  In 2006, United States Magistrate Judge Sanderson considered whether the time and cost saving afforded by § 18.001 is substantive or procedural. *Rahimi v. U.S.*, 474 F.Supp. 2d 825 (N.D. Tex. 2006). Magistrate Judge Sanderson noted in the opinion that the court was making an *Erie* "guess" at how the Texas Supreme Court would characterize § 18.001. Noting that forum shopping was a non-issue – given the claims was a Federal Tort Claims Act case—the court primarily examined the second aim of *Erie*, the avoidance of inequitable administration of the law. *Id*. The court found that had the claim for damages been able to be brought is state court, the Plaintiff could have availed herself of §18.001 in establishing *prima facie* proof of reasonableness and necessity, and, that should §18.001 found to be solely procedural it would deprive Plaintiff of means to avoid the significantly more expensive and time consuming alternatives to proving damages which would otherwise be available in a Texas State Court action. *Id*.

5.  However, in 2011, the Texas Supreme Court decided *Haygood v. DeEscabedo*, 356 S.W.3d 390 (Tex. 2011). In *Haygood*, the Court stated:

> Finally, Haygood argues that if the Legislature had intended to limit recovery, it would also have had to amend section 18.001 of the Civil Practice and Remedies Code, which states in part:
>
> Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.
>
> *But this statute is purely procedural*, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses. The statute does not establish that billed charges are reasonable and necessary; on the contrary, it expressly contemplates that the issue can be controverted by affidavit, which could aver that only the amount actually paid was reasonable.

*Id*. at 397 (emphasis added). It is important to note the Court in *Haygood* was considering the issue of whether or not a Plaintiff could recover amounts contractually adjusted under an insurance plan, or whether the Plaintiff was bound to recover only the "paid or incurred" as directed by § 41.0105 of the Texas Civ. Prac. & Rem. Code. The Texas Supreme Court was not seeking to decide whether or not § 18.001 is procedural or substantive.

6.  Since *Haygood*, in the Northern District, two opinions have directly addressed 18.001 and reached opposite conclusions. First, in 2016, in *Kimverly Holland v. United States*, Judge Lindsay wrote "Since *Rahimi*, however, the Texas Supreme Court has characterized 18.001 as 'purely procedural.' As the Texas Supreme Court has explicitly characterized § 18.001 as procedural, the statute is not applicable to this action." *Holland. v. United States*, No. 3:14-cv-03780, ECF No. 35, (N.D. Tex. July 21, 2016)(Lindsay, J.). Judge Lindsay found the Plaintiff's affidavits to be hearsay and struck Plaintiff's affidavits.

7.     In 2017, in *Butler v. United States*, Chief Judge Lynn evaluated § 18.001, *Rahimi*, *DeEscabedo* and *Holland*. *Butler v. United States*, No. 3:15-cv-2969, ECF No. 41, (N.D. Tex. June 2, 2017)(Lynn, C.J.). Judge Lynn expressly noted that Judge Lindsay had relied upon the Texas Court's characterization in *DeEscabedo* as "purely procedural." *Id*. Nonetheless, Judge Lynn found § 18.001 applicable in the FTCA action, noting that "state law governs what the plaintiff must prove and how it may be proved; federal law governs whether the evidence is sufficient to prove it." *Id*. citing *McCaig v. Wells Fargo Bank (Tex.), NA*, 788 F.3d 463, 482 (5th Cir. 2015).

8.     In addition to *Holland* and *Butler*, other opinions have concluded § 18.001 applicable in Federal Court. *Cruzata v. Wal-Mart Stores Texas, LLC*, No. 13-cv-331, 2015 WL 1980719, (W.D. Tex. May 1, 2015)(Montalvo, J.)(cited *Rahimi,* found § 18.001 applicable); *Bowman v. Cheeseman*, LLC, No. 3:13-cv-3865, 2014 WL 11515575 (N.D. Tex. December 9, 2014)(Godbey, J.)(Court permitted § 18.001 affidavits and refused to strike affidavits or controverting affidavits); *Carreon v. King*, No. 3:15-cv-2089, 2016 WL 7669515, (N.D. Tex. May 15, 2016)(Toliver, M.J.); and, *Eagle Supensions, Inc. v. Hellman Worldwide Logistics, Inc*., No. 3:12-cv-611, 2015 WL 252442, (N.D. Tex. January 20, 2015)(Fish, J.)(applied 18.001 with respect to attorney fee claim, at note 12).

### III.
### RELIEF REQUESTED

9.     Plaintiff requests the Court apply the reasoning used by the *Rahimi* and *Butler,* find that the cost and time saving afforded by § 18.001 to be substantive, and enter an order permitting Plaintiff to avail himself of Tex. Civ. Prac. & Rem. Code § 18.001 et seq.

                Respectfully submitted,

                **FRENKEL & FRENKEL, L.L.P.**
                12700 Park Central Drive, Suite 1900
                Dallas, Texas 75251-1508
                (214) 333-3333
                (214) 265-9360 [telecopier]
                aaron@frenkelfirm.com

            By: */S/ Aaron C. Spahr*
                  Aaron C. Spahr
                  State Bar No. 00794674

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by ECF services through this Court, on this 22nd day of November, 2017.


            By: */S/ Aaron C. Spahr*
                Aaron C. Spahr