IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL BERNARD GORMAN, JR., §
§
Plaintiff, §
§ Civil Action No. 3:17-CV-0792-D
VS. §
§
ESA MANAGEMENT, LLC, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Paul Bernard Gorman, Jr. ("Gorman") moves the court to determine the applicability of Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West 2015). For the reasons explained, the court concludes that § 18.001 applies in this case, and it sets deadlines for filing affidavits and controverting affidavits under § 18.001.[1]

I

This is a suit by Gorman to recover from defendant ESA Management, LLC ("ESA") for injuries from a rat bite that he sustained while a guest at an Extended Stay America hotel. He originally sued ESA[2] in Texas state court, alleging claims under Texas law for

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Gorman originally sued two additional defendants, but they have been dismissed by stipulation of dismissal.

negligence, negligence/negligent activity on real property, and premises liability. ESA and the other defendants removed the case to this court based on diversity jurisdiction.

Gorman now seeks a determination that Tex. Civ. Prac. & Rem. Code Ann. § 18.001 applies in this case. In opposition, ESA maintains that § 18.001 is a purely procedural statute that should not apply in this diversity case, but it acknowledges that "the use of § 18.001 can shorten the length of trials and reduce cost in personal injury cases." D. Br. 1. ESA requests that, if the court determines that certain portions of § 18.001 constitute substantive Texas law and allows Gorman to attempt to prove the cost and necessity of medical services via the mechanism the statute provides, the court impose a deadline by which such affidavits must be filed and a deadline for ESA to serve controverting affidavits.

II

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity apply state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b) provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Based on the current state of the law, the court concludes that § 18.001(b) is a substantive provision of Texas law that applies in this case. *See, e.g., Butler v. United States*, No. 3:15-

CV-2969-M, at *3 (N.D. Tex. June 2, 2017) (Lynn, C.J.) (order) (overruling objections to plaintiff's exhibits and holding that § 18.001(b) applied in Federal Tort Claims Act ("FTCA") case governed by state substantive law); *Bowman v. Cheeseman, LLC*, 2014 WL 11515575, at *1 (N.D. Tex. Dec. 9, 2014) (Godbey, J.) (declining to strike § 18.001 affidavits and noting that Texas courts have indicated that § 18.001 "is more properly understood as a rule of sufficiency of the evidence than as a rule of evidence admissibility."); *Rahimi v. United States*, 474 F.Supp.2d 825, 829 (N.D. Tex. 2006) (Sanderson, J.) ("Were the court to find that section 18.001 embodies only state procedural law, it would deprive Plaintiff of means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in a personal injury action brought in a Texas state court."); *but see Holland v. United States*, No. 3:14-CV-3780, at *2 (N.D. Tex. July 21, 2016) (Lindsay, J.) (order) (granting motion to strike affidavits in FTCA case, and stating that "[s]ince *Rahimi*, however, the Texas Supreme Court has explicitly characterized Section 18.001 as 'purely procedural,'" and concluding that § 18.001(b) did not apply in FTCA case governed by state substantive law (quoting *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011))).

To the extent that § 18.001(d) imposes deadlines for filing affidavits and controverting affidavits,[3] however, these provisions are clearly procedural, and this court is not bound to

---

[3]Section 18.001(d) provides:

> The party offering the affidavit in evidence or the party's attorney must serve a copy of the affidavit on each other party

follow them. *See, e.g., Davis v. Dallas Cnty., Tex.*, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.) (addressing Tex. Civ. Prac. & Rem. Code Ann. § 33.004) ("Nor does the court 'suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines.'" (quoting *Womack v. Home Depot USA, Inc.*, 2006 U.S. Dist. LEXIS 39449, at *2-3 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (order))). Accordingly, the court orders that Gorman file any § 18.001 affidavit by the deadline for completing discovery. ESA must file any controverting affidavit within 28 days of the date Gorman files the § 18.001 affidavit being controverted.

\* \* \*

Gorman's motion to determine the applicability of Tex. Civ. Prac. & Rem. Code Ann. § 18.001 is granted to the extent the court concludes that § 18.001(b) applies in this case and

---

to the case at least 30 days before the day on which evidence is first presented at the trial of the case. Except as provided by the Texas Rules of Evidence, the records attached to the affidavit are not required to be filed with the clerk of the court before the trial commences.

Tex. Civ. Prac. & Rem. Code Ann. § 18.001(d) (West 2015).

sets deadlines for complying with the procedure under § 18.001.

**SO ORDERED**.

January 4, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE